IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVIVODATA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) |
| PHT CORPORATION, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff invivodata, Inc. ("invivodata") for its complaint against Defendant PHT Corporation ("PHT"), demands a jury and hereby alleges as follows:

### PARTIES

1. Invivodata is a corporation organized under the laws the State of Delaware, with its principal place of business at 2100 Wharton St., Suite 505, Pittsburgh, Pennsylvania 15203.

2. Invivodata is a leading provider of electronic patient diaries for companies that collect subject data for clinical trials.

3. Upon information and belief, PHT is a corporation organized under the laws of the State of Delaware, with its principal place of business at 500 Rutherford Avenue, Charlestown, Massachusetts 02129.

4. Upon information and belief, PHT makes, uses, sells, and/or offers to sell in the United States and/or imports into the United States a variety of electronic patient diary devices and software products, including but not limited to, "LogPad®" (including

LogPad® Data Summaries), "StudyPad," and "StudyWorks™," (collectively referred to hereinafter as the "Accused Products.").

## JURISDICTION AND VENUE

5. This is an action for patent infringement. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 35 U.S.C. § 1, *et seq*.

6. PHT has submitted to the personal jurisdiction of this Court.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## THE PATENT

8. On April 12, 2005, United States Patent No. 6,879,970 B2 (the '970 patent), entitled "Apparatus and Method for Prediction and Management of Subject Compliance in Clinical Research," was duly and legally issued by the United States Patent and Trademark Office ("USPTO".) A copy of the '970 patent is attached to this Complaint as Exhibit A.

9. Invivodata is the assignee and exclusive owner of the entire right, title and interest in and to the '970 patent and has the right to bring this action for damages and injunctive relief.

## COUNT I
### (Patent Infringement of United States Patent 6,879,970)

10. Paragraphs 1 through 9 are incorporated by reference as if fully set forth herein.

11. The '970 patent is valid and enforceable.

12. On information and belief, PHT makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe the '970 patent (including the Accused Products), and/or contributes to and/or induces infringement of the '970 patent.

13. On information and belief, PHT's infringement of the '970 patent is willful.

14. PHT has marketed and sold the Accused Products in blatant disregard for the intellectual property rights of invivodata. PHT should not be allowed to continue to operate without any respect for the intellectual property rights of its competitors.

15. PHT's infringement of invivodata's intellectual property irreparably harms invivodata, and invivodata has no adequate remedy at law to remedy such infringement.

## PRAYER FOR RELIEF

**WHEREFORE** invivodata prays for the following relief:

1. that PHT has infringed, induced infringement, and contributed to the infringement of the '970 patent;

2. that PHT's infringement of the '970 patent is willful;

3. that PHT and its officers, principals, agents, attorneys, servants, employees and all others in active concert or participation with them, and their successors and assigns, be enjoined by preliminary and permanent injunction from infringement, inducement of infringement, and contributory infringement of the '970 patent, including but not limited to making, using, importing, offering to sell and selling the Accused Products, in a manner that induces and contributes to the infringement of the '970 patent;

4. that invivodata be awarded damages under 35 U.S.C. §284, adequate to compensate it for PHT's infringement of the '970 patent in an amount to be proven at trial, together with interest and costs as fixed by the Court;

5. that the damages awarded to invivodata be increased by three times the amount found under 35 U.S.C. §284; and

6. that this case be declared exceptional pursuant to 35 U.S.C. §285 and that cost of this action and their attorneys' fees be awarded to invivodata;

7. that this Court grant such other and further relief to invivodata as this Court may deem just and equitable.

## JURY DEMAND

Invivodata demands a trial by jury on all issues triable of right by a jury.

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor

OF COUNSEL:

Cecilia H. Gonzalez
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 783-0800

1313 North Market Street
P. O. Box 951
Wilmington, Delaware 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated: June 21, 2005
687355

*Attorneys for Plaintiff*