IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVIVODATA, INC.,<br><br>    Plaintiff,<br>v.<br><br><br>PHT CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>) Civil Case No. 05-416<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## ANSWER

Defendant PHT Corporation ("PHT") submits this answer to the Complaint filed by Plaintiff invidodata, Inc. ("invivodata"). To the extent not specifically admitted in the following paragraphs, the allegations of the Complaint are denied:

## THE PARTIES

1. Admitted.

2. PHT admits that invivodata provides electronic patient diaries for companies that collect subject data for clinical trials. PHT is without sufficient knowledge to form a belief as to the remaining allegations of Paragraph 2.

3. Admitted.

4. PHT admits that it makes, uses, sells, and offers to sell the "Accused Products." PHT denies the remaining allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 is a description of the action and a statement of jurisdiction to which no responses are required, but PHT denies that it has committed patent infringement.

6. Admitted.

7. Paragraph 7 is a statement of venue to which no response is required.

## THE PATENT

8. PHT admits that U.S. Patent No. 6,879,970 B2 ("the '970 patent"), entitled "Apparatus and Method for Prediction and Management of Subject Compliance in Clinical Research," was issued by the USPTO on April 12, 2005, and that a copy of the patent was attached to the Complaint. PHT denies the remaining allegations of Paragraph 8.

9. PHT admits that invivodata is shown on the face of the '970 patent as the assignee of the patent. PHT is without information sufficient to form a belief as to the remaining allegations of Paragraph 9.

## COUNT 1
### (Patent Infringement of United States Patent No. 6,879,970)

10. PHT incorporates its responses to the allegations of Paragraphs 1-9.

11. PHT denies that the '970 patent is valid and is without information sufficient to form a belief as to the remaining allegations of Paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## PRAYER FOR RELIEF

PHT denies that inivodata is entitled to the relief requested, or any other relief.

WHEREFORE, PHT respectfully requests that this Court enter judgment in favor of Defendant PHT and against Plaintiff invivodata, together with an award of costs and attorney fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

16. The claims of the '970 patent are invalid under one or more of the provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNTERCLAIMS

Counterclaim Plaintiff PHT Corporation alleges the following counterclaims against Counterclaim Defendant invivodata, Inc.

### PARTIES, JURISDICTION AND VENUE

17. PHT is a corporation organized under the laws of the State of Delaware, with its principal place of business at 500 Rutherford Avenue, Charlestown, Massachusetts 02129.

18.     Invivodata is a corporation organized under the laws of the State of Delaware, with its principal place of business at 2100 Wharton St., Suite 505, Pittsburgh, Pennsylvania 15203.

19.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 35 U.S.C. § 1 *et seq*.

20.     Invivodata has submitted to the personal jurisdiction of this Court.

21.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

## COUNT I
### (Declaration of Non-infringement)

22.     PHT repeats and re-alleges the allegations of Paragraphs 17-21.

23.     PHT does not infringe, has not infringed, and does not and has not induced infringement or contributed to the infringement of any valid claim of the '970 patent.

24.     Pursuant to 28 U.S.C. §§ 2201 and 2202, PHT is entitled to a declaratory judgment that PHT does not infringe any valid claim of the '970 patent.

## COUNT II
### (Declaration of Invalidity of the '970 Patent)

25.     PHT repeats and re-alleges the allegations of Paragraphs 17-24.

26.     Each claim of the '970 patent is invalid under the provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

27.     Pursuant to 28 U.S.C. §§ 2201 and 2202, PHT is entitled to a declaratory judgment that all of the claims of the '970 patent are invalid.

WP3:1128802.1                                                                                                                       62907.1001

WHEREFORE, PHT respectfully requests the following relief:

A. That any and all relief requested by invivodata in the Complaint be denied and that the Complaint be dismissed with prejudice.

B. That PHT be granted judgment on its counterclaims, including that this Court declare that the claims of the '970 patent are invalid and that PHT does not infringe, contribute to the infringement of, or induce infringement of any valid claim of the '970 patent.

C. That this case be declared exceptional under 35 U.S.C. § 285 and that PHT's costs and attorneys fees incurred in this action be awarded to PHT.

D. That this Court grant such other and further relief to PHT as this Court may deem just and equitable.

## JURY DEMAND

PHT demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
**YOUNG CONAWAY STARGATT
& TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

                                                           Anthony Herman
                                                           N. Whitney Wilson
                                                           Scott Weidenfeller
                                                           **COVINGTON & BURLING**
                                                           1201 Pennsylvania Ave.
                                                           Washington, DC 20004-2401
                                                           (202) 662-6000

                                                           Attorneys for
                                                           Defendant/Counterclaim Plaintiff

Dated: July 11, 2005

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on July 11, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> Wilmington, DE 19801

I further certify that on July 11, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

> Cecilia H. Gonzalez, Esquire
> Howrey Simon Arnold & White, LLP
> 1299 Pennsylvania Avenue, N.W.
> Washington, DC 20004

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

Attorneys for PHT Corporation

WP3:1086615.1                                                              62907.1001