## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVIVODATA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 05-416 (GMS) |
| v. | ) | |
| | ) | |
| PHT CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

In accordance with the Court's September 2, 2005 Order, Plaintiff Invivodata,

Inc. ("Invivodata") and Defendant PHT Corporation ("PHT") hereby submit this Joint

Status Report.

1.      **Jurisdiction and Service:** Invivodata and PHT agree that this Court has

subject matter jurisdiction over the claims and defenses in this case and that both parties

are subject to the Court's jurisdiction. All current parties to this lawsuit have been

served.

2.      **Substance of the Action:**

a.      **Factual and Legal Basis for Plaintiff's Claims:** Invivodata

contends that it is currently, and has been since issuance, the sole owner of the entire

right, title and interest in United States Patent No. 6,879,970 B2 (the '970 patent), issued

to Saul Shiffman, *et. al*, on April 12, 2005, and entitled "Apparatus And Method For

Prediction And Management Of Subject Compliance In Clinical Research." Invivodata

has accused PHT of violating 35 U.S.C. § 271(a), (b) and (c) directly, through its

subsidiaries/business units and/or indirectly, by making, using, selling, offering for sale

and/or imports a variety of electronic patient diary devices and software products,

including but not limited to LogPad® (including LogPad® Data Summaries),

StudyPad™, and StudyWorks™ ("Accused Products").  Invivodata has alleged that

PHT's infringement of the '970 patent has been and continues to be willful and that such

infringement has caused direct and proximate financial damage to Invivodata.

b.     **Factual and Legal Basis for Defendant's Defenses:**

PHT denies that it infringes the '970 patent, and seeks a declaration that the '970

patent is invalid and not infringed.  PHT contends that the '970 patent is invalid over the

prior art, including defendant's own activities, as either anticipated or obvious.  The

claims of the '970 patent, properly construed, do not cover PHT's products or services

and, to the extent they do, the claims are invalid.  PHT does not infringe any valid claims

of the '970 patent, willfully or otherwise.  PHT denies that any of its activities has

unlawfully caused financial damage to Invivodata.

3.     **Identification of Issues:**

The factual and legal issues which are genuinely in dispute in the instant action are (1)

whether PHT's manufacture, use, sales, offers for sale and/or imports of the Accused

Products infringes one or more claims of the '970 patent; (2) whether PHT's

infringement, if any, was willful; (3) whether the claims of the '970 patent are valid, (4)

whether Invivodata is entitled to any damages and, if so, in what amount; and (5) whether

Invivodata is entitled to an injunction.

4.     **Narrowing of Issues:**

a.     **Plaintiff's Statement:**  Invivodata respectfully submits that the

issues of this case will be significantly narrowed following claim construction.

Invivodata believes that once the claims are construed, PHT will either be required to

2

stipulate to infringement or this Court will be in a position to grant summary judgment of infringement.

      b.      **Defendant's Statement:** PHT agrees that the issues may be narrowed following claim construction, but disagrees with Invivodata's contention that following claim construction it will either stipulate to infringement or be subject to summary judgment on infringement. PHT's investigation in this case is ongoing, and it is possible that following further investigation and discovery, PHT will assert additional defenses.

      5.      **Relief:**

      a.      **Plaintiff's Statement:** Pursuant to 35 U.S.C. § 284, upon a finding for Invivodata, Invivodata will seek an award of damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by PHT, together with interest and costs as fixed by the Court. As presently advised, Invivodata seeks to discover its lost profits on sales made by PHT for its infringing products. Additionally, Invivodata will be seeking compensation for the loss of revenues of convoyed sales as well as for any price erosion caused by PHT's marketing and sales.

Accordingly, Invivodata seeks relief in the following forms:

      a.      judgment that Defendant has infringed one or more claims of the '970 patent pursuant to 35 U.S.C. § 271(a), (b), and/or (c);

      b.      judgment that Defendant's infringement of one or more claims of the '970 patent has been willful;

      c.      an injunction against Defendant's continued infringement of the

'970 patent pursuant to 35 U.S.C. § 283;

        d.      damages, together with prejudgment interest, for past infringement of the '970 patent pursuant to 35 U.S.C. § 284;

        e.      a finding that this case is exceptional pursuant to 35 U.S.C. § 285;

        f.      attorney fees pursuant to 35 U.S.C. § 285;

        g.      enhanced damages pursuant to 35 U.S.C. § 285;

        h.      costs pursuant to Fed. R. Civ. P. 54(d); and

        i.      any other relief this Court deems appropriate under the circumstances.

        b.      **Defendant's Statement:**  PHT contends that Invivodata is not entitled to any damages or other relief and that, regardless of any findings on liability, Invivodata will not be able to establish that it is entitled to lost profits or any related damages or that it will be entitled to any damages under 35 U.S.C. § 285 in the form of attorney fees or enhanced damages.  PHT seeks the following relief:

A. That any and all relief requested by Invivodata in the Complaint be denied and that the Complaint be dismissed with prejudice.

B. That PHT be granted judgment on its counterclaims, including that this Court declare that the claims of the '970 patent are invalid and that PHT does not infringe, contribute to the infringement of, or induce infringement of any valid claim of the '970 patent;

C. That this case be declared exceptional under 35 U.S.C. § 285 and that PHT's costs and attorneys fees incurred in this action be awarded to PHT; and

D. That this Court grant such other and further relief to PHT as this Court may deem just and equitable.

6.    **Amendment of Pleadings:** Invivodata proposes a deadline of January 20, 2006 for amendment of pleadings. Because this date conflicts with the summary judgment schedule and the deadline of January 12, 2006 for submitting Daubert issues to the Court in *PHT Corporation v. Invivodata, Inc.*, C.A. No. 04-060 (GMS), PHT proposes a deadline of February 10, 2006. Invivodata believes that tying the instant case schedule to the schedule in place in the C.A. No. 04-060 (GMS) litigation is unwarranted and would unduly delay the instant litigation. A summary of the dates in dispute between the parties and their respective proposals is attached hereto as Exhibit A.

7.    **Joinder of Parties:** Invivodata proposes a deadline of January 20, 2006 for joinder of parties. Because this date conflicts with the summary judgment schedule and the deadline of January 12, 2006 for submitting Daubert issues to the Court in *PHT Corporation v. Invivodata, Inc.*, C.A. No. 04-060 (GMS), PHT proposes a deadline of February 10, 2006. Invivodata believes that tying the instant case schedule to the schedule in place in the C.A. No. 04-060 (GMS) litigation is unwarranted and would unduly delay the instant litigation.

8.    **Discovery:** Invivodata proposes May 19, 2006 for fact discovery cut-off, and August 18, 2006 for expert discovery cut-off. Because these dates conflict with the schedule in *PHT Corporation v. Invivodata, Inc.*, C.A. No. 04-060 (GMS), in particular the 10-day trial scheduled to commence on April 3, 2006, PHT proposes August 18, 2006 for fact discovery cut-off and November 3, 2006 for expert discovery cut-off. Invivodata believes that tying the instant case schedule to the schedule in place in the C.A. No. 04-

060 (GMS) litigation is unwarranted and would unduly delay the instant litigation. The parties have agreed to abide by the discovery limits provided in the Federal Rules of Civil Procedure.

9.    **Estimated Trial Length:**  Plaintiff estimates the length of trial to be one (1) week. Defendant currently estimates one (1) week, but notes that its continuing investigations may reveal additional issues. Invivodata is not interested in bifurcating any issues for trial at this time; PHT believes that trial on the merits and trial on damages, if it should be necessary, should be conducted separately. The parties believe that following the completion of discovery, it may be possible to reach stipulations which will further narrow the issues and thereby reduce the length of trial.

10.    **Jury Trial:**  Plaintiff has requested a jury trial in its Complaint. Defendant has requested a jury trial in its Answer and Counterclaims.

11.    **Settlement:**  To date, settlement discussions between the parties has been unsuccessful. The parties will attempt to mediate their dispute in connection with PHT Corp. v. Invivodata, Inc., C.A. No. 04-60 (GMS).

12.    Counsel for the parties have conferred about each of the above matters.

POTTER ANDERSON & CORROON LLP

By: _____

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

YOUNG   CONAWAY   STARGATT   &
TAYLOR LLP

By: _____

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-9671
jingersoll@ycst.com
jshaw@ycst.com

OF COUNSEL:

Cecilia Gonzalez
Matthew J. Moore
Brian Rosenthal
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
(202) 783-0800

Attorneys for Plaintiff
Invivodata, Inc.

698938

OF COUNSEL:

Anthony Herman
N. Whitney Wilson
Scott Weidenfeller
COVINGTON & BURLING
1201 Pennsylvania Ave.
Washington, DC 20004-2401
(202) 662-6000

Attorneys for Defendant
PHT Corporation

# EXHIBIT A

| Event | Invivodata Proposed Date | PHT Proposed Date |
|---|---|---|
| Rule 26(a) Disclosures | October 4, 2005 | October 21, 2005 |
| Amendment of Pleadings | January 20, 2006 | February 10, 2006 |
| Joinder of Parties | January 20, 2006 | February 10, 2006 |
| Advice of Counsel | January 20, 2006 - Inform | February 20, 2006 |
|  | January 27, 2006 - Produce | February 27, 2006 |
| Markman Hearing | May 26, 2006 | June 2, 2006 |
|  | February 14, 2006 - Joint claim chart submission | Same |
|  | March 14, 2006 - Opening claim construction briefs | Same |
|  | April 14, 2006 – Answering claim construction briefs | Same |
| Fact Discovery Cut-Off | May 19, 2006 | August 18, 2006 |
| Expert Discovery Cut-Off | August 18, 2006 | November 3, 2006 |
| Opening Expert Reports | June 23, 2006 | September 8, 2006 |
| Rebuttal Expert Reports | July 21, 2006 | October 6, 2006 |
| Summary Judgment Motions | July 28, 2006 – Opening letter briefs | Same |
|  | August 4, 2006 – Answering letter briefs | Same |
|  | August 11, 2006 – Reply letter briefs | Same |
| Case Dispositive Motions – if permitted | September 27, 2006 | Same |
| Status/Daubert Conference | November 29, 2006 | Same |
| Pretrial Conference | February 28, 2007 | Same |
| Trial | March 25, 2007 – 5 days | Same |