**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INVIVODATA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-416 (GMS) |
| v. | ) | |
| | ) | |
| PHT CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**AMENDED SCHEDULING ORDER**

This _____ day of _____, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on September 20, 2005 and a follow up conference on February 13, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that the Scheduling Order (D.I. 16) in above-captioned litigation shall be amended as follows:

1. **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before October 7, 2005.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before January 20, 2006.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than January 20, 2006. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant

intends to rely to plaintiff no later than January 27, 2006.

    4.    ***Markman* Claim Construction Hearing.**   A Markman claim construction hearing shall be held on June 29, 2006 at 10:00 a.m.  The *Markman* hearing is scheduled for half a day with each side having equal time.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before May 11, 2006, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence.  The parties shall exchange opening claim construction briefs on May 18, 2006, and the answering claim construction briefs on June 2, 2006.

    5.    **Discovery.**  All fact discovery in this case shall be initiated so that it will be completed on or before July 21, 2006.  Expert discovery in this case shall be initiated so that it will be completed on or before October 2, 2006. Expert reports shall be served on or before August 10, 2006, and rebuttal expert reports shall be served on or before September 1, 2006.

    a.    Discovery Disputes.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed (2) pages outlining the issues in dispute.  Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may

then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

  6. **Confidential Information and Papers filed under Seal.**  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date of this order.  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

  **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

  7. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

  8. **Summary Judgment Motions.**  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than <u>August 21, 2006</u>.  Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than <u>August 28, 2006</u>.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before <u>September 4, 2006</u>.  The Court shall hold a status telephone conference to hear argument and to determine

whether the filing of any motion will be permitted on September 12 , 2006 at 10:00 a.m.. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.    **Case Dispositive Motions**.    Should the Court permit the filing of summary judgment motions, an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before the later of September 26, 2006 or two weeks after the Court grants permission to file summary judgment motions.  Parties must submit an original and two (2) copies.  Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.

10.    **Applications by Motion.**    Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    **Oral Argument.**    If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

12.    **Pretrial Conference.** On February 28, 2007, the Court will hold a Pretrial Conference in chambers with counsel beginning at 10:00 a.m..  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  On or before December 27, 2006, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.

Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions *in limine*. Opening briefs to be filed on January 10, 2007, answering briefs to be filed by January 17, 2007, and reply briefs to be filed by January 24, 2007 on all motions *in limine*. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before January 26, 2007.

13.     **Trial**. This matter is scheduled for a five (5) day jury trial beginning at 9:00 a.m. on March 26, 2007.

14.     **Scheduling.**  The parties shall direct any requests or questions regarding the scheduling and management of this matter to chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE

721337